Our final case of the morning is 117485, Kalev Leetaru v. Board of Trustees of the University of Illinois. Are you ready to proceed? You may. May it please the Court, Counsel? I represent Kalev Leetaru. Would you introduce yourself? Yes, I'm sorry. James Martinkus on behalf of the Appellant, Kalev Leetaru. I want you to put yourself in Kalev's shoes for one moment. Kalev was a graduate student at the University of Illinois. He was sailing through his graduate program. He was employed by the Klein Center for the University of Illinois. He became nationally and internationally famous. He had patents. He was on a remarkable journey toward his degree. Just short of obtaining his degree, the University Klein Center president, Peter Nardulli, decided to attempt to have a research misconduct complaint filed against him. And that's what happened.  Well, what are my rights here in terms of proceeding and defending and trying to show the university that I didn't violate anything? He looked at the policy and procedures on integrity and research publication. That is the publication which guides completely the processes that attends this particular proceeding. It's a three-step process. You have assessment, you have inquiry, and then you have investigation. Each of these are conditioned upon something happening at each level. Well, in this particular case, you have certain very particular guarantees that are set forth in the policy and procedures manual. There's a guideline with respect to timing in terms of what has to be done, under what circumstances, and so forth. But the most important things that Kalev looked at and relied upon is there's a specific section on sequestration of records, sequestration of evidence. And that is a primary due process concern that the policy addresses. In other words, if someone complains to the university that there's a problem in the research and there's misconduct, the university says the research integrity officer must take all that information. In this case, there's thousands and thousands of electronic files that were in his possession, Kalev's possession, that were taken by Mr. Narduli and kept throughout the process. The significance is that the accuser keeps all the evidence and doesn't permit Mr. Litaru to have access to it. There's two aspects to this. Specifically, the university guidelines say you've got to sequester the evidence. You can't leave it in the hands of the accuser. And second, when the accused, in this case my client, asks to receive copies and access to those records, he's entitled to it. And that's what didn't take place. And keep in mind, too, for purposes of this analysis, you have to accept the facts well-pled in the complaint. We set that out in great detail. The complaint is lengthy. It sets forth all of these allegations. The second part of the situation here is that when you're going through this process, it's supposed to be an academic integrated process where you have people on these committees. They talk to you. They look at your evidence. They look to see what you have to say. Well, in the process, he receives a copy of a letter, or we get a copy of a letter, from Howard Gunther. He is the officer who's in charge. He's the integrity officer. And it's directed to the inquiry team. And it says, don't talk to Mr. Leiteru. You're not to interview him or talk to him. And once again, the delegated authority, which is given to Howard Gunther, specifically says, during the inquiry process, normally you're going to talk to the student. Why? So you can get his side of the story. Now, those are just a couple of examples of what, in fact, we're looking at in terms of this process. Obviously, this whole process is in a continuum. The university did not comport with the timing. I mean, I'm not talking about a few days. Months. Seven, eight months after you're supposed to do something, the university didn't do it. But that's all. That's the premise of the underlying start of this case. So what does Kalev do? Well, he looks to see, well, what can I do here? How do I get some relief? How do I get the university? How do I have some judge or some court tell the university, you've got these policies and procedures. They're guaranteed to me. I have a right to have basic, common due process that's set forth in your policies. He knows he can't go to the court of claims. And I put this throughout my brief. The Jaramillo case, the Cahokia case. The cases are abundantly clear. Each of those cases stand for the proposition that never in the history of the court of claims has the court of claims issued an injunction. The court of claims says, despite what the Supreme Court basically thinks or other public court thinks, the legislature has not mandated or given us the authority to issue injunctions. We're not going to do it in case after case. So Kalev looks at that and says, well, there's no opportunity for me to seek injunctive relief, go to the court of claims and say, judge, look at the policy, make Howard Gunther, the research integrity officer, comply. Make him stay within his delegated authority. So we file a lawsuit in Champaign County, Illinois, the circuit court. There is a clear exception, the prospective injunctive relief exception. The Supreme Court, at least on three different occasions, three different cases, have in fact talked about that. You have the Landfill versus Pollution Control Board case that's in the brief, the Ellis versus Board, B-O-R-D case, and Healy versus Global. All three of those cases stand for the proposition that if a plaintiff does not seek present damages, if there's not a present action which could cause the state to be liable for damages, it is an exception to the Court of Claims Act. You have jurisdiction. This court on three separate occasions starting in 1978 through 1990 has held that way. And the process, really, and the thought on that is the action that we bring is not really against the state. It's not only against the state, but it's really against the research integrity officer, the agent, who is acting beyond the scope of his delegated authority. All we're asking... So you're saying that because the university's policy and regulations were not followed by the letter of the law there, that means they acted in excess of their authority? Yes, I think so. And then what does Section 305-1 of the Act mean? Because it doesn't permit the university to be sued in the circuit court. Well, it doesn't permit the university to be sued in the circuit court. Are you talking about the Court of Claims Act? 305-1 of the Act. Well, the Court of Claims Act specifically limits claims found upon any law, subsection B, contract, subsection C, time served in prison, D is torts, you have recoupment in E, line of duty compensation, F, G, and Crime Victims Compensation Act, and H is the Illinois National Guardsmen Compensation Act. None of that applies here because all we're seeking is perspective relief. We're not filing a claim and saying the university failed to abide by its policies. And you know what? As a result of that, we've been delayed now two years. We haven't gotten our degree. I have an opportunity in Denmark to go and do this incredible supercomputing job. We haven't done any of that today. And that's what the Supreme Court has consistently held. If all you're doing is seeking a directive from a court directing the research integrity officer, in this case, to act within the scope of his authority, that's all we're doing. And the Supreme Court has spoken to this multiple times. We've asked the circuit court to simply do that. To simply take our case. In 2005, this court said in PHL v. Pullman, referring to a doctrine known as the officer suit exception, that an action of a state officer undertaken without legal authority has the effect of stripping a state officer of his official status. And the conduct is then not regarded as the conduct of the state, which is what you're alleging, I believe, in your complaint. However, the appellate court, in dealing with this, this is how I think they handled it. They said, thus, in cases where jurisdiction to enter an injunction against the state has been found to exist, the state's agent had been acting without authority. In this case, it's clear the defendants are authorized to conduct the investigation. So I guess they discount the fact that you're alleging that they did it improperly or not following their procedures. Is that a distinction that's legitimate? Well, Your Honor, I'm not sure it is. And that's a real fine line to be drawn. Is there a real legitimate interest in the university having their research integrity officer obliterate, this isn't a close case, just ignore all of the procedures? I don't think that's a legitimate right that they have, nor a legitimate expectation. We're not asking, we're not so naive to think that the university can't proceed through this process. They can, but just follow the rules. That's really what we're saying. And is the distinction between, does he have the authority to proceed as research integrity officer? He does. But his authority is not limitless. It is bound by and limited by the specific prescribed conduct set forth in the university's policy. This is what is troubling to me. The university in their preamble says how important this is for due process. It applies to all the students.  go through the process, these aren't just little time things that they miss by a day when someone doesn't give you access to the evidence, you go into trial and you can't see the evidence? I ask, during the process itself, one more time, where's the evidence? Can we see the evidence? Well, no, university counsel said he can't see the evidence. How can that be consistent? We're not seeking damages, and I think that's the key thing. Your Honor, I do understand what you're saying.  just for a second. Yes, sir. Mr. Martinkus, you are seeking injunctive relief, but you could file a claim against the Board and the Court of Claims for damages You could always do that. You could have done that from the beginning. if your client was ultimately terminated. Yes, we could have done it from the very beginning, Judge, because we could have claimed they violated these rules and that we believe that there's damage and so forth. So you do have a remedy in the Court of Claims and just not the one that you want to pursue. But the remedy is significantly different. Here, if my client doesn't get his degree because of work-related activities, he's sitting there, he's completed everything, the degree's ready to be handed to him, there's no real remedy in my view in the Court of Claims. Our remedy is to the Circuit Court to say, hey, Mr. Research Integrity Officer, this isn't that hard. Just follow the rules. Let him see the evidence. Don't write the report like he does for the inquiry team. Don't tell the inquiry team members not to talk to him and get his side of the story. It's pretty outrageous conduct, in my opinion. And that's what we're asking the Circuit Court to do, is to preclude it. I mean, to be honest with you, this isn't that difficult. All it is is asking the Court in a case where we're not seeking damages. And I think there's a huge distinction because a present action, any action at any time, I guess, could lead to claims and damages. But that's true in any case. If you look at it from that perspective, if you're going to preclude jurisdiction on the possibility that there can be a claim later on, then there's no such thing as a present action because it's all present. And there would be no carved out exception, which this Court has on three different occasions carved out. So we're looking at this Court for help because we can't give any help to the Court of Claims. The secondary part of this, too, and I put this in my brief, is that the City of Chicago case, the First District case, has looked at the enabling act of the University of Illinois and it is in conflict with the Fourth District. The Fourth District, in this case, based its decision on a case called Raymond, which was earlier decided in the Fourth District. What the First District has claimed is that under the enabling statute and the language that's relevant to 305 is the Board of Trustees of the University of Illinois have power to contract and be contracted with to sue and be sued provided that any suit against the Board based upon a claim sounding and tort must be filed in the Court of Claims. The First District has said, well, this is not a case sounding and tort and as I went through the exceptions and the requirements of the Court of Claims Act, it doesn't fit within any of these. This is a case in which, if you look at the enabling statute, if you can be sued in circuit court, that's what the statute enabling the Board of Trustees in 1867 to establish this university says. The First District says that's what that means. The Fourth District says, well, it kind of doesn't really mean that, I guess, because the acts of the Court of Claims and the State Immunity Acts, they say something different. So that's certainly up to the Court here. You have two conflicting interpretations and how do you interpret the language in the enabling Act. I don't necessarily think you have to even get to that because I think that we're clearly in a position where all we've asked to do is to get prospective injunctive relief, have a circuit court judge read the complaint, take evidence, and if it agrees with us, simply tell the university this isn't difficult, give this young man access to the materials, the thousands and thousands of gigabytes of data that you've taken and now accuse him with that he can't look at to defend. It's pretty simplistic in that sense. That's all we're asking to do. Don't write the report. Don't tell the members of the committee you can't talk to him. I mean, to me, it's a fundamental issue. The university's there and does the circuit court of jurisdiction. If you decline, then my client is really without a remedy. We've talked about that so much in section 12 of the Constitution, whether it's philosophical principle, whether every remedy and every right, whether you deem to really mean that the Constitution means for every wrong there is a remedy. We can go around and around with that. But here, I just think fundamentally we're not asking drastic results. We're simply asking that you permit us to go to the circuit court because the court of claims won't hear us. They're not going to help us. They're not going to do a thing. Otherwise, what's the message? The message is that the university can do whatever it wants because it knows there is no access. The student is done. He can't go to the court of claims and let the circuit court have jurisdiction for the limited purpose of listening to see if the court agrees and simply tell the research integrity officer, just do your job. Stay within your delegated powers. Don't jump out and take personal liberties and tell the committee you can't do this and you can't talk to this kid and he can't see the evidence. That's my view on this. I appreciate your time. Any questions at all on this? Where is the line between the university's discretion and exceeding their authority? Judge, that's a great question. I can't point to exactly that line because you're right, that's an excellent question. All I can say is that this line here in this case, for me at least, is an easy one. This isn't a case where the university didn't follow their own rules by a day or two days or something along those lines. Here, you just take these concepts to me that are fundamentally, and that's what I'm saying, you read the preamble to their act and it says these are fundamental principles which we bestow upon all the university members. When you just obliterate that, I think there's a clear distinction though. The research integrity officer has the authority to conduct the research, to oversee it, to do all these things, but then you can't step out and say, wait a second, I'll write the report. Don't talk to the defendant in this case. Don't let them see the evidence. To me, that line is easy for me to draw. I don't think that's a close line here. I think in other cases it could very well be, but not in this case. Thank you very much. Thank you. May it please the court, William Brinkman on behalf of the Board of Trustees of the University of Illinois. The core function of the University of Illinois is management of its academic affairs and maintaining the integrity of its academic affairs is of the highest importance. At the time this case was filed, the plaintiff was seeking to halt an ongoing investigation. Both the Circuit Court and the Appellate Court found plaintiff's complaint was clearly an attempt to misconduct. The plaintiff has conceded throughout this case that this was an authorized governmental function. That being the investigation into complaints of research misconduct. The Circuit Court and the Appellate Court correctly held that the fact the plaintiff was not seeking to halt an ongoing investigation in the Circuit Court first. Can I just stop you a minute at the mention of injunction because I'm confused about one thing. On page 10 of your appellate brief you have a quote from the PHL case and you say in this case  plaintiff's claim is one that seeks perspective injunctive relief. In other words stopping an entity or person from taking future action. Is that what you meant to say? It is not. So that's a typo it should say does not seek. I apologize for that. The plaintiff's first argument in this case is that at the time the investigation was conducted by defendant Howard Gunther he was in excess of his authority because the investigation did not follow internal policies and procedures which is acting beyond the scope of authority from a governmental employee who is acting in a wrongful manner. As I mentioned the defendant concedes that Howard Gunther was authorized to conduct the investigation. Wrongfully performing those actions in excess of authority does not mean acting in a wrongful manner but it does mean sticking your nose in business where it doesn't belong. Here Howard Gunther was not sticking his nose in business where it did not belong. The allegations which we were not permitted to dispute and which must be taken as true in this case are that he performed in a wrongful manner    did    him and he did not perform in a wrongful manner in business where it did not belong to him and he did      manner in business where he did not perform in a wrongful manner in business where he did not perform  a wrongful  in business where he did not perform in a wrongful mannner a wrongful manner in a wrongful manner     perform  a wrongful manner in a business where he did our     not perform in a business where he is going to be potentially granted. I don't think it has these catastrophic broad effect, ripple effect. It doesn't now create all sorts of liability to the state. This is really a claim against a state officer and we're simply asking the court to tell the state officer to stay within his delegated authority. Listening to all this, maybe I look at it this way. If he wrongfully applies the rules, he went in and changed the rules. There's no application. When you go in and say, I know the policy says we have to sequester the evidence, I'm going to change the policy. I know that the policy says that the respondent here is entitled to see the evidence against them. I'm going to change that policy. When it says that the inquiry team is supposed to write the report and I write the report, I'm going to change the policy. I think there's a huge difference between simply making some mistakes along the way,  having some clarification. That is not within the authority of the research integrity officer to do. The argument that you can go to the court of claims and get damages, I think you have to look at this realistically. What is a professor's integrity? If he is going to go out in the market and advance his position, become well known, become an absolute scientist, having some finding by the university in which he's deemed to have violated the integrity in the research policies of the University of Illinois, you can go seek all the damages you want. The old adage of a pillow and goose feathers. Go try to collect them. That's really what I think is the distinction here. We're not looking at damages, we're looking at the opportunity to prevent injustice. Because once it's done, once the university finds him to do these things, writes letters to the funding agencies that he's been guilty of this research misconduct, he's pretty well done. You can go to the court of claims all you want. That's not what this should be. He should have an opportunity to get a fair trial, a fair proceeding in the university and have them comply with their own rules. That's the limited, very limited opportunity we're asking you to provide to college to have the opportunity to go to the circuit court. And I think you're right. It's not going to happen unless there's a huge change in policy. But he shouldn't have to rely on some huge change of policy in the court of claims to try to get this relief. It's a real simple thing. We talk about the university and how they stand for integrity and all these things and I think that's great. But when you fight us on a simplistic request, follow your rules. Let's see what you got. What is it you're claiming? The guy who brings the charges, gathers it all, keeps it and doesn't let us see it. It just seems ironic to me that the university is talking about integrity and all that and at the same time they're fighting us and simply let's see what you got, let us talk to the other side. So that's really what you're here against. I do think it's an important ruling, I really do. And lastly, landfill talks about in excess of its delegated authority, not necessarily constitutional or statutory. Landfill is broader than either Ellis or Healy. So I think this is a case where I think we   clear about what we're supposed to get and they have integrity in applying these rules. Just to be clear, you are not seeking to stop the investigation? Absolutely not. All we're doing is asking that it be conducted according to the rules. So we really have a shot at getting   We're not going to stop this thing to convince the members of this committee. When you're being asked questions and you're being accused of things and all the information is within the control of Peter Narduli, how do you respond to that? He has no access to it. It's so fundamentally unfair. It lacks integrity. And that's really where we're at. Thank you. Thank you. Case number 117485 versus the Board of Trustees of the University of Illinois et al. Will be taken under advisement as agenda number 21. Mr. Martinkus and Mr. Brinkman, thank you very much for your arguments today. Mr. Marshall, the Supreme Court stands adjourned to court in course. �